UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISSAC KABARITI, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>JAY A. PRESS P.C., and JAY A. PRESS, ESQ..,<br><br>Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ISSAC KABARITI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Sirotkin Varacalli & Hamra, LLP against Defendants JAY A. PRESS, P.C. and Jay A. Press Esq., (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendants' illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§ 1692, *et seq.* ("FDCPA").

4. Defendants' actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with its Corporate Headquarters located in Plainview, NY.

8. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined by the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

10. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

    - The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 29, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to AMBUSH ALARM AND

ELECTRONICS, INC; and (b) the collection letter was not returned by the postal service as undelivered; and (c) Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692g, for sending a collection letter which, among other things, fails to adequately inform and/or misleads the consumer regarding the amount of debt.

- The Class period begins one year to the filing of this Action.

11. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.  Whether Defendant violated various provisions of the FDCPA;

    b.  Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to

> be applied in determining such damages and restitution; and
>
> d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS PARTICULAR TO ISAAC KABARITI

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "11" herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to December 29, 2016, an obligation was allegedly incurred by Plaintiff.

14. The aforesaid obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. AMBUSH ALARM AND ELECTRONICS, INC sent invoices to Plaintiff stating the allegedly due amounts. (**Exhibits B, C, D, and E**).

18. Invoice dated August 20, 2015 states, "Total Due: 103.43." (**Exhibit B**).

19. Invoice dated August 24, 2015 states, "Total Due: $408.28." (**Exhibit C**).

20. Invoice dated October 29, 2015 states, "Total Due: $103.43." (**Exhibit D**).

21. Invoice dated March 1, 2016 states, "Total Due: $103.43." (**Exhibit E**).

22. The alleged debt due to AMBUSH ALARM AND ELECTRONICS, INC totals $718.57.

23. At a time known only to Defendant, AMBUSH ALARM AND ELECTRONICS, INC, directly or through an intermediary, contracted Defendant to collect on alleged debt owned by AMBUSH ALARM AND ELECTRONICS, INC.

24. This debt was allegedly placed with the Defendant to attempt to collect, from AMBUSH ALARM AND ELECTRONICS, INC, at a time only known to the Defendant.

25. In its effort to collect on same, Defendant contacted Plaintiff by written correspondence on December 29, 2016.  (**Exhibit A**).

26. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Said communication states that the creditor to whom the debt is owed is AMBUSH ALARM AND ELECTRONICS, INC.

28. Said Communication further states, "AMT DUE: $7,136.60."

29. Said Communication further states, "RE: AMBUSH ALARM AND ELECTRONICS, INC VS. ISSAC KABARITI."

30. Said Communication further sates, "This office has been retained to sue you because of your failure to make payment on your past due debt."

31. Said Communication further sates, "If this claim, or any portion of this claim is disputed, you are to notify us within thirty days from your receipt of this notice, indicating the nature of the dispute."

32. As set forth in the following Counts, Defendant's communication violated the FDCPA.

### First Count
### Violations of 15 U.S.C. §1692e(5)
### Threaten Action that Cannot be Taken

33. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "32" herein with the same force and effect as if the same were set forth at length herein.

34. 15 U.S.C. § 1692e(5) prohibits any threat, explicit or veiled, to take any action that cannot

6

be taken.

35. 15 U.S.C. § 1692e(5) prohibits sending a letter to consumers demanding payment of collection costs imposed by creditor where not allowed by original agreement, as debt collector could not take legal action on this amount.

36. The letter states, " AMT DUE: $7,136.60." *See* **Exhibit A**.

37. The principal amount due as evidenced by AMBUSH ALARM AND ELECTRONICS, INC. invoices is $718.57. *See* **Exhibits B, C, D, and E**.

38. The letter further states, "This office has been retained to sue you because of your failure to make payment on your past due debt." *See* **Exhibit A**.

39. Here, Defendant could not sue Plaintiff due to failure to make payment in the amount of $7,136.60 as Plaintiff does not owe said amount.

40. Defendant's statement in its collection letter is a threat to take an action that cannot be legally taken, viz., to add a fee that is not authorized by any law or by the agreement between Plaintiff and the original creditor which created the alleged debt, and is therefore a violation of the FDCPA, Section 1692e(5).

**Second Count**
**Violations of 15 U.S.C. §1692g**
**Validation of Debts**

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

43. One such request is that the debt collector provide "the amount of debt." 15 U.S.C. § 1692g(a)(1).

44. A debt collector has the obligation not just to convey the amount of debt, but also to convey such clearly.

45. A debt collector has the obligation not just to convey the amount of debt, but also to state such explicitly.

46. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

47. When determining whether the amount of debt owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

48. Defendant's letter fails to clearly and explicitly state the amount due.

49. Defendant's letter states, "AMT DUE: $7,136.60."

50. Invoices from AMBUSH ALARM AND ELECTRONICS, INC total to $718.57.

51. Defendant's letter fails to convey the accurate amount of debt owed and to be collected.

52. Defendant's letter fails to show interest or fees that may be a reason for an increase in the amount.

53. The least sophisticated consumer would be confused as to why the amount due increased by over $6,000 from the invoices to the collection letter.

54. The least sophisticated consumer would be confused as to the amount due in order to pay off the debt.

55. The least sophisticated consumer would be confused as to how the "AMT DUE" on the collection letter increased from the "Total Due" on the invoices.

56. Defendant failed to explicitly state the amount of debt.

57. Defendant failed to clearly state the amount of debt.

58. Defendant has violated §1692g as it failed to clearly and explicitly convey the amount of debt.

59. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

60. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## Third Count
## Violation of 15 U.S.C. § 1692e(2)
## False or Misleading Representations Regarding Amount of Debt Due

61. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "60" herein with the same force and effect as if the same were set forth at length herein.

62. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

63. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

64. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

65. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the amount of debt is unfair and deceptive to the least sophisticated consumer.

66. Here, Defendant listed an amount due that reflected an 893% increase from the original total due.

67. Here, Defendant increased the amount due while not stating what had accrued to the original amount.

68. Defendant failed to convey the correct amount of debt to be collected.

69. The least sophisticated consumer would not know what amount would satisfy` the debt.

70. The least sophisticated consumer would likely be misled by Defendant's conduct.

71. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

72. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### Fourth Count
### Violations of 15 U.S.C. § 1692f(1)
### Unauthorized Fee

73. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "72" herein with the same force and effect as if the same were set forth at length herein.

74. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

75. Defendant violated 15 U.S.C. § 1692e(2)(A) by charging Plaintiff an amount in excess of what was actually owed.

76. 15 U.S.C. § 1692f prohibits the collection of any amount (including any interest, fee,

charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

77. Defendant attempted to collect an amount in excess of which it was authorized to collect by adding an undescribed and unauthorized additional fee, in the amount of $6,418.03, in the "AMT DUE," in violation of the FDCPA.

78. Defendant's attempt to recover an unauthorized fee representing 893% of the principal amount is improper.

79. The unauthorized fee is a fee charged and collected by Defendant.

80. The unauthorized fee is not expressly authorized by any agreement that Plaintiff has with the original creditor.

81. The unauthorized fee is not permitted by any applicable law.

82. That, as and for an alternative, Defendant retains all or a portion of the unauthorized fee.

83. Defendant's retention of all or a portion of the unauthorized fee is not expressly authorized by any agreement that plaintiff has with the original creditor.

84. Defendant is attempting to collect an amount that is not permitted by the FDCPA, § 1692f(1).

85. The Eighth Circuit, *Kojetin v. CU Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000) held that the debt collector violated the FDCPA when it charged the debtor a collection fee based on a percentage of the principal balance. The Eleventh Circuit recently ruled in *Melvin Bradley v. Franklin Collection Service, Inc.*, Case No. 13-12276 (C.A. 11, Jan. 2, 2014) that "[Defendant] violated the FDCPA when it collected from [Plaintiff] a debt that included a 33-and-1/3% 'collection fee' when [Plaintiff] only agreed to pay the actual cost of collection."

86. Defendant used false representation and deceptive means to attempt to collect Collection

Fee without evidencing the basis for the added fee in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692f(1).

### Fifth Count
### Violations of 15 U.S.C. § 1692g(b)
### Validation of Debts

87. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "86" herein with the same force and effect as if the same were set forth at length herein.

88. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

89. A debt collector has the obligation, not just to convey the information required by 15 U.S.C. § 1692g, but also to convey such clearly.

90. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

91. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

92. Defendant's December 26, 2016 collection letter states, "RE: AMBUSH ALARM AND ELECTRONICS, INC VS. ISSAC KABARITI."

93. Said Communication further sates, "This office has been retained to sue you because of your failure to make payment on your past due debt."

94. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

95. In this case, when confronted with the Defendant's letter that stated Plaintiff's name and creditor's name as if it were a current lawsuit with "vs." separating the names Plaintiff would reasonably believe Defendant has a lawsuit pending.

96. In this case, when confronted with the Defendant's letter, which stated, "This office has been retained to sue you…" Plaintiff would reasonably believe Defendant has a lawsuit pending.

97. Furthermore, Defendant is a law firm and sent the collection letter on its law firm letterhead, without a disclaimer that no attorney in that firm has personally reviewed the file.

98. Thereby, implying that an attorney reviewed this file and has approved it as is to go forth with as a lawsuit.

99. These statements read together would leave the least sophisticated consumer confused as to her right to dispute the debt, because of the fear of immediate lawsuit being initiated against them before the 30 days expire..

100. These statements read together overshadow and contradict the Plaintiff's right to dispute the debt and thus violates the Act.

101. Defendant's letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt.

102. Defendant's letter overshadows the validation notice in that it would make the least

sophisticated consumer uncertain or confused as to her right to dispute the debt.

103. Both statements together, when reading the letter in its entirety, would likely make the "least sophisticated consumer" uncertain or confused as to her rights and thus undoubtedly overshadow the 15 USC §1692(g) requirements.

104. Both statements together, when reading the letter in its entirety, are a violation of 15 U.S.C. § 1692g as they interfered with the debt collector's obligation to clearly, explicitly and unambiguously convey the validation notice.

105. Defendant's conduct violates 15 U.S.C. § 1692g.

**Sixth Count**
**Violation of 15 U.S.C. § 1692e,** *et seq*
**False or Misleading Representations**

106. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "105" herein with the same force and effect as if the same were set forth at length herein.

107. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

108. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

109. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

110. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

111. The Collection Letter states, "RE: AMBUSH ALARM AND ELECTRONICS, INC VS. ISSAC KABARITI."

112. Said Communication further sates, "This office has been retained to sue you because of your failure to make payment on your past due debt."

113. When the above said statements are read in combination with the Collection Letter being on a law firm letterhead, the least sophisticated consumer could believe that the firm has assessed that the creditor has a legal claim against her.

114. When the above said statements are read in combination with the Collection Letter being on a law firm letterhead, the least sophisticated consumer could believe that there currently is a legal claim against her in court.

115. Both of which are an incorrect interpretation.

116. Further, the firm failed to include the safe harbor language that no attorney in that firm personally reviewed the merits of the claim.

117. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

118. The least sophisticated consumer would likely be deceived by Defendant's conduct.

119. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

120. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

121. Defendant has additionally violated § 1692e(3) by including a "false representation or implication that any individual is an attorney" with meaningful involvement as an attorney in the debtor's case.

### Seventh Count
### Violations of 15 U.S.C. § 1692g(b)
### Validation of Debts

122. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs number "1" through "121" herein with the same force and effect as if the same were set forth at length herein.

123. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

124. A debt collector has the obligation, not just to convey the information required by 15 U.S.C. § 1692g, but also to convey such clearly.

125. Even if a debt collector conveys the required information accurately, the collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication, or by other collection activities during the 30-day validation period following the communication.

126. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

127. Defendant's December 26, 2016 collection letter states, "If this claim, or any portion of this claim is disputed, you are to notify us within thirty days from your receipt of this notice, *indicating the nature of the dispute*." Emphasis added.

16

128. Further, Defendant includes the language "indicating the nature of the dispute" throughout the whole 30-day validation right notice.
129. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.
130. In this case, when confronted with the Defendant's letter Plaintiff would reasonably believe in order to dispute the debt they need to articulate a specific reason for their dispute.
131. That is not true, the Consumer can dispute by simply calling or writing a letter and stating that I dispute this debt.
132. The Defendant requires an indication of the nature of the dispute, in order to process the dispute.
133. That overshadows Plaintiffs right to dispute the debt.
134. This statement would leave the least sophisticated consumer confused as to her right to dispute the debt.
135. Defendant's letter contradicts the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt.
136. Defendant's letter overshadows the validation notice in that it would make the least sophisticated consumer uncertain or confused as to her right to dispute the debt.
137. The letter would likely make the "least sophisticated consumer" uncertain or confused as to her rights and thus undoubtedly overshadow the 15 USC §1692(g) requirements.
138. The letter is a violation of 15 U.S.C. § 1692g as it interfered with the debt collector's obligation to clearly, explicitly and unambiguously convey the validation notice.
139. Defendant's conduct violates 15 U.S.C. § 1692g.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and

(b) certifying Plaintiff as Class representative, and Ibrahim Abohamra Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 9, 2017

                                                Respectfully submitted,

                                                By:  /s/ Ibrahim Abohamra
                                                Ibrahim Abohamra Esq.
                                                Sirotkin Varacalli & Hamra, LLP
                                                110 East 59th Street, Suite 3200
                                                New York, New York 10022
                                                Phone:  (646) 590-0571
                                                *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Ibrahim Abohamra*
Ibrahim Abohamra, Esq.

Dated: January 9, 2017